United States Court of Appeals
Fifth Circuit

**F I L E D**

July 10, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20686
Summary Calendar

_____

ANNA MCGINNIS

                                        Plaintiff - Appellant,

v.

ARCO PIPE LINE COMPANY;
ATLANTIC RICHFIELD CO;
BRITISH PETROLEUM CO;
BP AMERICA INC; BP PIPE LINE CO;
BP PIPELINES (NORTH AMERICA) (INC),

                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
C.A. No. H-03-3105

_____

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellant's husband, Glenn McGinnis, was tragically killed on his way home from work when a pine tree fell on the roof of his car. Appellant sued Mr. McGinnis's employer, Arco Pipe Line, under the Employee Retirement Income Security Act ("ERISA"). She sought to recover benefits she claims were due under his work-related accidental death benefits plan ("the Plan"). The district court

_____

[*] Pursuant to 5th Cir. R. 47.5, this Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

granted summary judgment in favor of Arco Pipe Line.

The parties agree that the Plan provides benefits only if the employee was "at work." The issue presented in this appeal is whether Mr. McGinnis should be considered "at work" while he was commuting home. The underlying facts are not in dispute. Whether the phrase "at work" as used in the Plan includes a commute home raises a pure question of law. Our review is *de novo*. *See Nickel v. Estate of Estes*, 122 F.3d 294, 298 (5th Cir. 1997). We conclude that Mr. McGinnis was not "at work" at the time of his death, and we therefore affirm the grant of summary judgment against Appellant.

A benefits handbook given to employees explicitly provides, "The plan won't pay a benefit for any death that . . . occurs while you're commuting between your home and your regular place of work." In "ERISA parlance," an "employee benefits handbook [is] a 'Summary Plan Description' (SPD)." *Sunbeam-Oster Co. Group Benefits Plan for Salaried & Non-Bargaining Hourly Employees v. Whitehurst*, 102 F.3d 1368, 1370 (5th Cir. 1996). We have held that SPDs are binding. *See Hansen v. Continental Ins.,* 940 F.2d 971, 982 (5th Cir. 1991). Therefore, assuming *arguendo* that the term "at work" is ambiguous, and that it might include a commute home, the benefits handbook resolves any ambiguity in the Plan itself. Under the benefits handbook, Mr. McGinnis was not "at work" within the meaning of the Plan.

Appellant resists this conclusion by arguing that Mr. McGinnis meets the definition of "on duty" contained within certain Department of Transportation regulations. *See* 49 C.F.R. § 395.2. Setting aside potential differences between the concepts of "at work" and "on duty," the definition of "on duty" in those regulations does not govern the Plan. The "on duty" concept is delineated for the purposes of hours-of-service regulations promulgated by the Department of Transportation, not for death benefits plans. *See generally* 49 C.F.R. § 395.

Because Mr. McGinnis was commuting home rather than "at work" when he died, the district court correctly concluded that he was not entitled to death benefits under the Plan.

AFFIRMED.